**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                                                          **NO. 1:26-CV-142-DMB-DAS**

**DELORES BADIE**                                                    **DEFENDANT**

## <u>ORDER</u>

On July 28, 2026, the United States of America filed a complaint against Delores Badie in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Badie's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Badie, based on misrepresentations, received a PPP loan in the amount of $19,813.00, for which the Small Business Administration ("SBA") paid $2,500.00 in processing fees to the financial institution involved, and that based on false representations by Badie, the SBA forgave the loan. *Id.* at PageID 6.

On August 3, 2026, the parties jointly moved for the entry of a consent judgement, representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #4 at PageID 15. The joint motion is signed by the United States and by Badie, *id.*, as is the proposed consent judgment.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Badie to pay $22,351.54 plus interest and a $405.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. So, the joint motion [4] is **GRANTED**. The Court will execute and enter the proposed consent judgment.

**SO ORDERED**, this 5th day of August, 2026.

/s/Debra M. Brown                        
**UNITED STATES DISTRICT JUDGE**

2